after to be of such or greater value." It is enough, however, that this is not a stockholders' action. The subscribers for the 20,000 shares subsequently issued were not deceived. They asked for no statement, and received none. They got what they purchased, and are not complainants here. A protracted discussion is unnecessary, for the reason that this court and the Circuit Court of the Southern District have decided the question adversely to the complainant's contention. Foster v. Seymour (C. C.) 23 Fed. 65; Mc-Cracken v. Robison, 57 Fed. 375, 6 C. C. A. 400. To the same effect are the decisions of the New York Court of Appeals. Barr v. N. Y., L. E. & W. R. Co., 125 N. Y. 263, 26 N. E. 145; Blum v. Whitney, 185 N. Y. 232, 77 N. E. 1159. It is true that the Supreme Court of Massachusetts (188 Mass. 315, 74 N. E. 653, 108 Am. St. Rep. 478) has taken a different view, but we feel constrained to adhere to the prior adjudication of this circuit. The decree is affirmed, with costs.

REGINA CO. v. NEW CENTURY MUSIC BOX CO. (Circuit Court of Appeals, Second Circuit. November 7, 1906.) No. 31. Appeal from the Circuit Court of the United States for the Southern District of New York. On appeal from a decree of the Circuit Court for the Southern District of New York adjudging invalid the complainant's patent, No. 500,371, for an improvement in music boxes. The opinion of Judge Ray in the Circuit Court is reported in 138 Fed. 903. Arthur von Briesen, for appellant. Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. The Circuit Court found that the patent was invalid for lack of invention, and, after an examination of the record, we see no reason to disturb this finding. The important element of the combination of the claims, and the one which produced a real advance in the art, was the transfer of power from the center to the periphery of the moving disk by means of the sprocket-wheel engaging in the apertures near the outer edge of the disk; but this was not new with the patentees. The other elements of the combination are old, and the combination itself, speaking broadly, is old, being differentiated from the prior art by the introduction of the hinged rod, with anti-friction wheels thereon, as a substitute for the devices of the prior art used to produce similar results. This may be an improvement over the means previously adopted for giving uniform pressure to the disk; but in view of the prior art, as disclosed by the record, and in view of the very obvious use of anti-friction wheels in such environments, we are of the opinion that the adoption of the hinged rod of the patent did not involve invention. It was the work of a mechanic familiar with the requirements of the art, and not of an inventor. The decree is affirmed.

SNYDER et al. v. HOME INS. CO. (Circuit Court of Appeals, Second Circuit. October 18, 1906.) No. 18. Appeal from the District Court of the United States for the Southern District of New York. John F. Foley, for appellants. Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. Decree (133 Fed. 848) affirmed in open court.

SOUTHERN RY. CO. et al. v. TIFT et al. (Circuit Court of Appeals, Fifth Circuit. December 15, 1906.) No. 1,495. Appeal from the Circuit Court of the United States, Southern District of Georgia. For opinion below, see 138 Fed. 753. Ed Baxter, for appellants. W. D. Ellis and W. A. Wimbish, for appellees. Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. A majority of the judges being of opinion that this case was correctly ruled and decided in the Circuit Court, the decree of that court is affirmed.